UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

EVAN ROLLINS,

        Plaintiff,

v.                                  CAUSE NO. 3:20-CV-579-DRL-MGG

JOSEPH BECKER *et al.*,

        Defendants.

OPINION & ORDER

Evan Rollins, a prisoner without a lawyer, filed a complaint (ECF 1) against three defendants alleging that he was subjected to excessive force in violation of the Eighth Amendment. A filing by an unrepresented party "is to be liberally construed, and a *pro se* complaint, however, inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). Under 28 U.S.C. § 1915A, the court still must review the complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against an immune defendant.

In his complaint, Mr. Rollins alleges that, on May 6, 2020, at approximately 1:47 p.m., when he was standing in front of the medical unit, Officer Joseph Becker slammed him in his face while he was handcuffed behind his back. ECF 1 at 2. Mr. Rollins asserts he told Officer Becker that he was feeling suicidal, but Officer Becker attempted to force him to go back to his cell. *Id*. He states that Officer Becker told him he was resisting him

though this was not true. *Id*. Mr. Rollins alleges his face was injured and his tooth was chipped as a result of Officer Becker slamming him on his face. *Id*.

Under the Eighth Amendment, prisoners cannot be subjected to cruel and unusual punishment. *See Farmer v. Brennan*, 511 U.S. 825, 833-34 (1994). The "core requirement" for an excessive force claim is that the defendant "used force not in a good-faith effort to maintain or restore discipline, but maliciously and sadistically to cause harm." *Hendrickson v. Cooper*, 589 F.3d 887, 890 (7th Cir. 2009) (citation omitted). Several factors guide the inquiry of whether an officer's use of force was legitimate or malicious, including the need for an application of force, the amount of force used, and the extent of the injury suffered by the prisoner. *Id.* Giving Mr. Rollins the inferences to which he is entitled, he states a plausible Eighth Amendment claim of excessive force against Officer Becker for slamming him in his face while he was handcuffed behind his back on May 6, 2020.

Next, Mr. Rollins states that he wrote a letter to Warden William Hyatte about his encounter with Officer Becker. ECF 1 at 2. He told Warden Hyatte that he did not feel safe being around Officer Becker and had attempted to follow the appropriate steps to rectify the situation. *Id*. However, Warden Hyatte declined to respond to his letter. *Id*. A lawsuit against an individual pursuant to § 1983 requires "personal involvement in the alleged constitutional deprivation to support a viable claim." *Palmer v. Marion Cty.*, 327 F.3d 588, 594 (7th Cir. 2003). And there is no general *respondeat superior* liability under 42 U.S.C. § 1983. *Burks v. Raemisch,* 555 F.3d 592, 594 (7th Cir. 2009). Because Warden Hyatte was not personally involved in the incident and cannot be held liable simply because he

2

oversees the operation of the prison or supervises other correctional officers, Mr. Rollins cannot proceed against him.

Mr. Rollins has also sued Shawna Morson, the prison's grievance officer. ECF 1 at 3. He claims that, after he filed an informal grievance about the situation with Officer Becker, he never received a response. *Id*. Mr. Rollins states he then attempted to file a formal grievance but Grievance Specialist Morson refused to accept it because, under the prison's grievance policy that had changed, it was late. *Id*. However, Mr. Rollins has no constitutional right to access the grievance process. *See Grieveson v. Anderson*, 538 F.3d 763, 770 (7th Cir. 2008) (noting that there is not a Fourteenth Amendment substantive due-process right to an inmate grievance procedure). Accordingly, Mr. Rollins cannot proceed against Grievance Specialist Morson.

For these reasons, the court:

(1) GRANTS Evan Rollins leave to proceed against Officer Joseph Becker in his individual capacity for compensatory and punitive damages, for using excessive force when Officer Becker slammed him in his face while he was handcuffed behind his back on May 6, 2020, in violation of the Eighth Amendment;

(2) DISMISSES all other claims;

(3) DISMISSES Warden William Hyatte and Grievance Specialist Shawna Morson;

(4) DIRECTS the clerk to request Waiver of Service from (and if necessary, the United States Marshals Service to serve process on) Officer Joseph Becker at the Indiana Department of Correction with a copy of this order and the complaint (ECF 1), pursuant to 28 U.S.C. § 1915(d);

(5) ORDERS the Indiana Department of Correction to provide the United States Marshals Service with the full name, date of birth, social security number, last employment date, work location, and last known home address of the defendant, if he does not waive service, if it has such information; and

(6) ORDERS, pursuant to 42 U.S.C. § 1997e(g)(2), that Officer Joseph Becker respond, as provided for in the Federal Rules of Civil Procedure and N.D. Ind. L.R. 10-1(b), only to the claims for which the plaintiff has been granted leave to proceed in this screening order.

SO ORDERED.

December 2, 2020

*s/ Damon R. Leichty*
Judge, United States District Court