UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| EVAN ROLLINS, | |
| Plaintiff, | |
| v. | CAUSE NO. 3:20-CV-579 DRL-MGG |
| JOSEPH BECKER, | |
| Defendant. | |

## OPINION AND ORDER

Evan Rollins, a prisoner without a lawyer, is proceeding in this case "[a]gainst Officer Joseph Becker in his individual capacity for compensatory and punitive damages, for using excessive force when Officer Becker slammed him in his face while he was handcuffed behind his back on May 6, 2020, in violation of the Eighth Amendment[.]" ECF 10 at 3. On May 5, 2021, Officer Becker filed a summary judgment motion arguing Mr. Rollins did not exhaust his administrative remedies before filing suit. ECF 23. With the motion, Officer Becker provided Mr. Rollins the notice required by N.D. Ind. L.R. 56-1(f). ECF 25. Attached to the notice was a copy of Federal Rule of Civil Procedure 56 and Northern District of Indiana Local Rule 56-1.

Pursuant to Local Rule 56-1(b)(1), "[a] party opposing [a summary judgment] motion must, within 28 days after the movant serves the motion, file and serve (A) a response brief; and (B) any materials that the party contends raise a genuine dispute."

This deadline passed over three months ago, but Mr. Rollins has not responded. The motion is now ripe.

Summary judgment must be granted when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Federal Rule of Civil Procedure 56(a). A genuine issue of material fact exists when "the evidence is such that a reasonable [factfinder] could [find] for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). To determine whether a genuine issue of material fact exists, the court must construe all facts in the light most favorable to the non-moving party and draw all reasonable inferences in that party's favor. *Heft v. Moore*, 351 F.3d 278, 282 (7th Cir. 2003). A party opposing a properly supported summary judgment motion may not rely merely on allegations or denials in its own pleading, but rather must "marshal and present the court with the evidence she contends will prove her case." *Goodman v. Nat'l Sec. Agency, Inc.*, 621 F.3d 651, 654 (7th Cir. 2010).

"If a party . . . fails to properly address another party's assertion of fact as required by Rule 56(c), the court may . . . consider the fact undisputed for purposes of the motion[.]" Fed. R. Civ. P. 56(e). Because Mr. Rollins has not responded to the defendants' summary judgment motion, he has not properly addressed their assertions of fact and the court accepts these facts as undisputed:

>   1. Plaintiff is an offender located at Miami Correctional Facility (Indiana Offender Database, last checked on February 26, 2021).
>   2. The events precipitating this lawsuit occurred at Miami Correctional Facility. (Complaint at 1).
>   3. On May 6, 2020, Plaintiff alleges that he was struck by defendant outside the medical building at the Miami Correctional Facility. (Complaint at 2).

> 4. On July 6, 2020 Plaintiff's complaint against Defendants alleging they violated his Eighth Amendment rights was received by the Northern District of Indiana. (Complaint at 1).
>
> 5. At the time of the alleged incident, Miami Correctional Facility had a grievance program pursuant to IDOC policy. (Ex. A–declaration of Angela Heishman, ¶ 5) (Ex. B–Grievance Policy[]).
>
> 6. The Department of Correction recognizes only one grievance process. (Ex. A–declaration of Angela Heishman, ¶ 9). The procedure in place at the time of the initial incident is entitled Offender Grievance Process, Policy and Procedure 00-02-301. (Ex. A–declaration of Angela Heishman, ¶ 8) (Ex. B–Grievance Policy[]).
>
> 7. The applicable Offender Grievance Process went into effect on October 1, 2017. (Ex. A–declaration of Angela Heishman, ¶ 8).
>
> 8. The offender grievance process at Miami Correctional Facility requires offenders to exhaust three steps prior to filing a lawsuit. (Ex. A–declaration of Angela Heishman, ¶ 11). To fully exhaust the offender grievance process, Plaintiff must have timely completed all the following steps: (1) A formal attempt to solve a [problem] or concern following unsuccessful attempts at informal resolutions, (2) A written appeal to the Warden/designee; and (3) A written appeal to the Department Grievance Manager. [(Ex. A–declaration of Angela Heishman, ¶ 10)].
>
> 9. Offenders are made aware of the Offender Grievance Process during orientation and have continual access to the policy in the law library. (Ex. A–declaration of Angela Heishman, ¶ 24). Through the Offender Grievance Process, offenders may grieve the "staff treatment of offenders" or "actions of individual staff" or "any other concerns relating to the conditions of care or supervision within the Department." (Ex. A–declaration of Angela Heishman, ¶ 22).
>
> 10. Each properly filed Offender Grievance received at Miami Correctional Facility is logged electronically, as outlined in the Offender Grievance Process. (Ex. A–declaration of Angela Heishman, ¶ 28).
>
> 11. Plaintiff's Complaint alleges that the Defendant used excessive force and violated his Eighth Amendment rights. (Complaint at 2).
>
> 12. There is no record that the grievance process was successfully completed related to the allegations in Plaintiff's Complaint. (Ex. A–declaration of Angela Heishman, ¶ 30) (Ex. C–Rollins Grievance History Log).

ECF 24 at 2-3. The defendants submit evidence Mr. Rollins filed a formal grievance regarding the allegations in his complaint on June 8, 2020, which the grievance office rejected as untimely. ECF 24-1 at ¶ 30; ECF 24-4. Miami Correctional Facility's Grievance Specialist attests Mr. Rollins did not appeal the rejection of this grievance. ECF 24-1 at ¶ 30.

Prisoners are prohibited from bringing an action in federal court with respect to prison conditions "until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). "[A] suit filed by a prisoner before administrative remedies have been exhausted *must* be dismissed; the district court lacks discretion to resolve the claim on the merits, even if the prisoner exhausts intra-prison remedies before judgment." *Perez v. Wisconsin Dep't of Corr.*, 182 F.3d 532, 535 (7th Cir. 1999) (emphasis added). "Failure to exhaust is an affirmative defense that a defendant has the burden of proving." *King v. McCarty*, 781 F.3d 889, 893 (7th Cir. 2015). The law takes a "strict compliance approach to exhaustion." *Dole v. Chandler*, 438 F.3d 804, 809 (7th Cir. 2006). "To exhaust remedies, a prisoner must file complaints and appeals in the place, and at the time, the prison's administrative rules require." *Pozo v. McCaughtry*, 286 F.3d 1022, 1025 (7th Cir. 2002).

Here, it is undisputed that (1) the grievance office rejected Mr. Rollins' grievance as untimely, and (2) Mr. Rollins did not appeal the rejection of his grievance. As a result, the undisputed facts show Mr. Rollins did not exhaust the available administrative remedies before he filed this lawsuit. Summary judgment must be granted.

For these reasons, the court:

(1) GRANTS the summary judgment motion (ECF 23); and

(2) DIRECTS the clerk to enter judgment in favor of Officer Becker and against Evan Rollins.

SO ORDERED.

October 1, 2021　　　　　　　　　　　　　　　　*s/ Damon R. Leichty*
　　　　　　　　　　　　　　　　　　　　　　　Judge, United States District Court

4